# IN THE UNITED STATES DISTRICT COURT FOR THE DISTRICT OF UTAH
## NORTHERN DIVISION

| | |
|---|---|
| CHARLES D. FRIEDMAN,<br><br>      Plaintiff,<br><br>v.<br><br>ROBERT YEAMAN et al.,<br><br>      Defendants. | **MEMORANDUM DECISION AND ORDER**<br><br>Case No. 1:07-CV-142 DAK<br><br>District Judge Dale A. Kimball |

Plaintiff, Charles D. Friedman, an inmate currently housed at the Weber County Jail, filed this *pro se* civil rights suit under 42 U.S.C. § 1983. *See* 42 U.S.C.A. § 1983 (West 2009). Before the Court are Plaintiff's motions for service of process, discovery and appointed counsel. Also before the Court is Defendant's motion for default judgment based on Plaintiff's failure to respond to the pending motion for summary judgment.

## ANALYSIS

### I. Background

Plaintiff's First Amended Complaint, filed on December 3, 2007, alleges two causes of action against officials at the Davis County Jail ("Jail") stemming from events that occurred while Plaintiff was housed as a federal prisoner at the Jail. Plaintiff's first claim alleges that Defendant Yeaman, a Captain in charge of the Corrections Division of the Davis County

Sheriff's Office, violated Plaintiff's rights under the laws and Constitution of the United States by requiring Plaintiff to make a co-payment for medical services provided at the Jail. Plaintiff's second claim alleges that during his transfer from the Jail to another facility four unidentified Jail deputies deprived Plaintiff of his personal property without due process of law, in violation of the United States Constitution.

On February 19, 2009, the Court ordered official service of Plaintiff's First Amended Complaint upon Defendant Yeaman. Yeaman was instructed to file an Answer and, if appropriate, a motion for summary judgment. Plaintiff was also instructed that he could request official service of process upon the four unidentified defendants once their identities were ascertained. Defendant Yeaman filed a summary judgment motion on April 22, 2009. On May 22, 2009, Plaintiff requested an extension of time until July 22, 2009, to file his response brief. In the meantime Plaintiff filed motions for appointed counsel, discovery, and for service upon the four newly identified defendants. Yeaman objected to Plaintiff's motion for service on the additional defendants, citing his pending summary judgment motion. Yeaman also filed a motion for default judgment based on Plaintiff's failure to file a timely response brief. On September 23, 2009, Plaintiff requested an additional extension of time until

November 17, 2009, to file his response brief. To date, Plaintiff still has not responded to Yeaman's summary judgment motion.

## II. Plaintiff's Motion for Appointed Counsel

Plaintiff moves for appointment of pro bono counsel to represent him in this case. Plaintiff asserts that appointed counsel is warranted because he cannot afford to retain counsel, he has limited access to legal materials, and he is unable to freely and easily communicate with defense counsel.

It is well established that Plaintiffs in civil cases do not have a constitutional right to counsel. *See Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995); *Bee v. Utah State Prison*, 823 F.2d 397, 399 (10th Cir. 1987). However, the court may, in its discretion, appoint counsel for indigent inmates under 28 U.S.C. § 1915(e)(1). *See* 28 U.S.C.A. § 1915(e)(1) (West 2009); *Carper*, 54 F.3d at 617; *Williams v. Meese*, 926 F.2d 994, 996 (10th Cir. 1991). When deciding whether to appoint counsel the court considers a variety of factors "including 'the merits of the litigant's claims, the nature of the factual issues raised in the claims, the litigant's ability to present his claims, and the complexity of the legal issues raised by the claims.'" *Rucks v. Boergermann*, 57 F.3d 978, 979 (10th Cir. 1995) (quoting *Williams*, 926 F.2d at 996). "The burden is upon the applicant to

convince the court that there is sufficient merit to his claim to warrant the appointment of counsel." *McCarthy v. Weinberg*, 753 F.2d 836, 838 (10th Cir. 1985).

Based on the factors cited above the Court finds that appointment of pro bono counsel is not warranted here. As demonstrated by Plaintiff's extensive history of *pro se* litigation in this District, Plaintiff is clearly capable of litigating this case on his own. In fact, Plaintiff states in Exhibit C to his Amended Complaint that he is a "certified paralegal" and that he routinely bills $25.00 per hour for his legal work. (Am. Compl., Ex. C at 5.) Moreover, the legal and factual issues presented here are not complex and extensive discovery appears unnecessary. Finally, Plaintiff has not shown that there are genuine issues of material fact here which would likely require this case to go to trial.

Thus, Plaintiff's motion for appointed counsel is denied, however, if, following summary judgment, it appears that this case is likely to go to trial the Court will revisit the issue of appointed counsel *sua sponte*.

### III. Plaintiff's Motion to Compel Discovery

On July 17, 2009, Plaintiff filed a motion to compel Defendants to provide replacement copies of certain discovery documents which Plaintiff apparently lost while being transferred

4

to a different prison facility.  Plaintiff stated that the replacement copies were necessary to allow him to serve additional defendants and to respond to Defendant's summary judgment motion.

On July 31, 2009, Defendant filed a response to Plaintiff's motion certifying that, on that day, copies of all discovery previously provided to Plaintiff were resent to his new address. Defendant further stated that the total pages reproduced and mailed, postage prepaid, to Plaintiff was 167 pages and that the total cost of copying and postage was $22.20.  Plaintiff did not file a reply to Defendant's response, nor has he requested any additional discovery in this case.

Based on Defendant's response and Plaintiff's subsequent filings it appears that Plaintiff has received the discovery he sought and his motion to compel is moot.  Moreover, based on the lack of any additional discovery requests from either party the Court finds that the time for discovery is now ended.  No further discovery will be permitted until the pending summary judgment motion has been resolved.

### IV. Plaintiff's Motion for Service of Process

Plaintiff moves for official service of process upon the four previously unidentified individuals named in Count Two of the First Amended Complaint.  Through discovery Plaintiff was

able to identify the additional defendants as: Deputy Greg Spring, Transportation Officer #1; Deputy Ului Halaeua, Transportation Officer #2; Deputy Lynn Workman, Jail Housing Officer; and, Deputy Carl Thompson, Jail Discharge Officer.

As discussed below, the Court finds that Count Two of Plaintiff's First Amended Complaint fails to state a claim on which relief can be granted. Thus, Plaintiff's motion for service of process is denied.

### V. Screening Analysis-Count Two

#### A. Screening Standard

Title 28 U.S.C. § 1915A requires the Court, prior to service, to review "a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity," and "to dismiss the complaint, or any portion of the complaint" which the Court finds "(1) is frivolous, malicious, or fails to state a claim upon which relief may be granted; or (2) seeks monetary relief from a defendant who is immune from such relief." *Id*. § 1915A(b).

The Supreme Court has held that in order to state a claim on which relief may be granted a complaint must contain enough factual allegations "to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S. Ct. 1955, 1974 (2007). The Tenth Circuit has interpreted this to

6

mean that "[t]he complaint must plead sufficient facts, taken as true, to provide 'plausible grounds' that discovery will reveal evidence to support the plaintiff's allegations." *Shero v. City of Grove*, 510 F.3d 1196, 1200 (10th Cir. 2007) (quoting *Twombly*, 127 S. Ct. at 1965). "Factual allegations [in a complaint] must be enough to raise a right to relief above the speculative level." *Robbins v. Oklahoma*, 519 F.3d 1242, 1247 (10th Cir. 2008). And, "the complaint must give the court reason to believe that this plaintiff has a reasonable likelihood of mustering factual support for [his] claims." *Ridge at Red Hawk, L.L. C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007).

When reviewing the sufficiency of a complaint the Court "presumes all of plaintiff's factual allegations are true and construes them in the light most favorable to the plaintiff." *Hall v. Bellmon*, 935 F.2d 1106, 1109 (10th Cir. 1991). Moreover, when the plaintiff is proceeding pro se the Court must construe the pleadings liberally and hold them to a less stringent standard than formal pleadings drafted by lawyers. *Id.* However, "[t]he broad reading of the plaintiff's complaint does not relieve [him] of the burden of alleging sufficient facts on which a recognized legal claim could be based." *Id.* While a plaintiff need not describe every fact in specific detail, "conclusory allegations without supporting factual averments are insufficient

7

to state a claim on which relief can be based."  *Id.*

## B. Factual Allegations

Count Two of Plaintiff's First Amended Complaint alleges that Defendants Spring, Halaeua, Workman and Thompson ("Count Two Defendants") deprived Plaintiff of his personal property without due process of law, in violation of the Fifth and Fourteenth Amendments.  Specifically, Plaintiff alleges that on November 16, 2006, he was removed from the Davis County Jail and taken to the United States Marshals Service office in the federal courthouse.  Plaintiff asserts that prior to his transfer each of the Count Two Defendants "knew or should have known" that Plaintiff was going to be permanently relocated to another facility.[1]  Despite this alleged knowledge, Plaintiff states that the Count Two Defendants failed to properly process Plaintiff out of the Jail by arranging for him to take all his personal belongings with him.  Only after arriving at the Marshals Service office was Plaintiff informed he was being permanently transferred to the Salt Lake County Jail.  When asked by the Marshals Service about the status of Plaintiff's personal property, Defendants Spring

---

[1] Plaintiff's does not explain the circumstances surrounding his transfer, nor does he allege any specific facts to support his contention that each of the defendants "knew or should have known" ahead of time that Plaintiff was being permanently transferred.

and Halaeua, the Jail transportation officers, stated that they mistakenly thought Plaintiff was only attending court, rather than being permanently transferred. Spring and Halaeua said they would return to the Jail to retrieve Plaintiff's property and bring it back to the Marshals Service office. Plaintiff states, however, that Spring and Halaeua returned with only a small portion of Plaintiff's personal property and that his remaining property, including legal materials, personal photographs, reading glasses and clothing, were never returned to him.

Although the Amended Complaint does not include any specific allegations against Workman or Thompson, it generally alleges that each of the Count Two Defendants "had a malicious motive to intentionally lose or destroy, or otherwise deprive [P]laintiff possession of, his property . . . ." (Am. Compl. ¶ 25.) Plaintiff seeks damages, not only for the value of the items lost, but also for the value of certain legal claims which Plaintiff was allegedly unable to pursue due to being deprived of his legal materials.

### C. Legal Sufficiency

In *Hudson v. Palmer*, 468 U.S. 517, 533, 104 S. Ct. 3194, 3203-04 (1984), the Supreme Court held that "an unauthorized intentional deprivation of property by a state employee does not constitute a violation of the procedural requirements of the Due

9

Process Clause of the Fourteenth Amendment if a meaningful post-deprivation remedy for the loss is available." Thus, in a § 1983 action for damages resulting from the unauthorized or random deprivation of property without procedural due process the plaintiff has the burden of pleading and proving that state processes, including state damage remedies, are inadequate to redress the claimed wrong. *See Gillihan v. Shillenger*, 872 F.2d 935, 940 (10th Cir. 1989); *Vicory v. Walton*, 721 F.2d 1062, 1063 (6th Cir. 1983).

Plaintiff does not assert that his alleged property losses occurred "pursuant to an affirmatively established or de facto policy, procedure, or custom." *See Gillihan,* 872 F.2d at 939. Instead, Plaintiff's allegations clearly show that his property losses resulted from the random, unauthorized actions of the Count Two Defendants. Thus, in accordance with *Hudson*, Plaintiff cannot state a viable § 1983 due process claim without showing that state damages remedies were either denied to him, or that they were inadequate to redress his losses. Plaintiff's First Amended Complaint does not make such a showing.

Although Plaintiff states that he submitted a Notice of Claim regarding his alleged property losses to the Davis County Clerk-Auditor, Plaintiff does not allege that he fully pursued state legal remedies. In fact, the record shows that Plaintiff

voluntarily abandoned his state law property claim, choosing to pursue this federal civil rights claim instead.[2] Nor does Plaintiff allege that state damage remedies were inadequate to redress his property losses. The mere fact that state remedies do not allow a plaintiff to recover the full amount that he might receive in a federal civil rights action is not sufficient to show the state remedies to be inadequate. *Hudson*, 468 U.S. at 535. Because Plaintiff voluntarily abandoned his state law claim he cannot show that he pursued all available state damages remedies, or that such remedies were inadequate to redress his alleged property loss.

### D. Conclusion

Based on the Supreme Court's holding in *Hudson*, the Court

---

[2] Plaintiff originally brought this action in the Utah Second Judicial District Court for Davis County. Plaintiff's original Complaint did include a claim for damages, presumably under state law, based on the loss of Plaintiff's personal property. (Doc. no. 2, Ex. A-2.) However, the case was subsequently removed to this Court based on Plaintiff's first cause of action arising under federal law. (Doc. no. 2.) Plaintiff initially objected to the removal, asserting that his claims were not based on federal law, and moved for remand back to the state court. (Doc. nos. 4-5.) Plaintiff ultimately conceded to federal jurisdiction, however, and moved to amend his Complaint. (Doc. no. 9.) Plaintiff's First Amended Complaint includes only two causes of action arising under the laws and Constitution of the United States. (Am. Compl., Doc. no. 10.) Thus, with his First Amended Complaint Plaintiff clearly abandoned any pendant state law claim for the loss of his property.

concludes that the allegations in Count Two of Plaintiff's First Amended Complaint fail to state a due process claim under 42 U.S.C. § 1983.[3] Moreover, because the allegations in Count Two fail to state a viable claim, each of the defendants associated exclusively with that claim must be dismissed.

## VI. Defendant's Motion for Default Judgement

Defendant moves for default judgment based on Plaintiff's failure to timely respond to Defendant's Motion for Summary Judgment, filed on April 22, 2009. Despite the extremely long delay here, the Court notes several extenuating circumstances which caution against entering default judgment. First, the record shows that a significant portion of the delay was caused by Plaintiff's multiple custody transfers, which apparently resulted in the loss of necessary discovery materials. Second, Plaintiff did file timely requests for additional time which would have made his response due on November 17, 2009. Finally, despite his substantial legal experience, as a *pro se* litigant

---

[3] Construed liberally, Plaintiff's prayer for damages based on alleged interference with certain legal claims could be viewed as an attempt to state a legal access claim. However, even if construed as such, Plaintiff's allegations are insufficient to state a claim for denial of access to the courts because Plaintiff fails to allege specific facts showing interference with a non-frivolous habeas corpus or civil rights action regarding his then-current confinement. See *Carper v. Deland*, 54 F.3d 613, 616 (10th Cir. 1995).

Plaintiff may have understandably, albeit erroneously, assumed that a response was not required until after his pending motions were resolved. Taking these factors into account the Court denies Defendant's Motion for Default Judgment.

Plaintiff is advised, however, that further delays in this case will not be tolerated. Plaintiff shall file his response to Defendant's summary judgment motion within thirty days of this order. Failure to do so will result in immediate dismissal of this case under Rule 41(b). *See* Fed. R. Civil P. 41(b). Plaintiff is further instructed that his response cannot rest upon the mere allegations in his pleadings. Instead, as required under Rule 56(e)(2), Plaintiff's response must present specific facts, admissible in evidence, showing that there is a genuine issue remaining for trial.

**ORDER**

Accordingly, **IT IS HEREBY ORDERED** that:

(1) Plaintiff's Motion to Appoint Counsel (Doc. no. 31) is **DENIED**;

(2) Plaintiff's Motion to Compel Discovery (Doc. no. 36) is **DENIED**, and, no further discovery will be permitted until Defendant's summary judgment motion has been adjudicated;

(3) Plaintiff's Motion for Service of Process (Doc. no. 40) is **DENIED**;

(4) Count Two of Plaintiff's First Amended Complaint is **DISMISSED** for failure to state a claim;

(5) Defendant's Motion for Default Judgment is **DENIED**; and,

(6) Plaintiff shall file his response to Defendant's Motion for Summary Judgment within **THIRTY DAYS** of this Order (no further extensions will be granted). Failure to do so will result in immediate dismissal of this case under Rule 41(b). *See* Fed. R. Civ. P. 41(b).

DATED this 16th day of March, 2010.

BY THE COURT:

_____
DALE A. KIMBALL
United States District Judge